```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 01-29 Erie |
| | ) | |
| ALBERT SHONTAY BOYD | ) | |

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18
U.S.C. § 3582(c)(2)</u>

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

Boyd was indicted on November 14, 2001 by a federal grand jury sitting in Erie, Pennsylvania. The indictment charged Boyd with distributing fifty (50) grams or more of cocaine base on or about May 8, 2001. On March 25, 2003, Boyd entered a guilty plea to the sole count of the indictment.

Prior to the sentencing, the government filed a motion pursuant to U.S.S.G. § 5K1.1 seeking a reduction in Boyd's sentence. Boyd also filed a motion for downward departure. A two day sentencing hearing concluded on May 18, 2004. At the hearing this Court specifically found the career offender sentencing guideline applicable to Boyd, which resulted in a guideline range of 262 to 327 months incarceration. At the

conclusion of the hearing, this Court denied Boyd's motion for downward departure but granted the government's motion. This resulted in a sentence of 100 months incarceration.

## ARGUMENT

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added).

In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of

>       imprisonment, and the guideline range
>       applicable to that defendant has
>       subsequently been lowered as a result of
>       an amendment to the Guidelines Manual
>       listed in subsection (c) below, the
>       court may reduce the defendant's term of
>       imprisonment as provided by 18 U.S.C.
>       § 3582(c)(2).  As required by 18 U.S.C.
>       § 3582(c)(2), any such reduction in the
>       defendant's term of imprisonment shall
>       be consistent with this policy
>       statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which generally reduced the base offense level for most cocaine base ("crack") offenses by two levels.  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Boyd's motion must be denied as it is clear that his sentence was based upon the career offender guideline and not the crack cocaine guideline.  Numerous courts have found that a defendant sentenced under the career offender guideline is not entitled to a sentence reduction under Amendment 706 because the applicable guideline range remains unchanged.  United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Rivera, 535 F.Supp.2d 527 (E.D. Pa. 2008); United States v. Biami, --- F.Supp.2d ---, 2008 WL 1869108 (E.D. Wis., Apr. 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. McDougherty, 2008 WL 752597 (C.D. Cal. Mar. 18, 2008).  Here Boyd was clearly sentenced based upon the career

offender guideline as that is the guideline the Court found applicable.  Boyd argues that it is unclear whether the Court considered the crack cocaine guideline in fashioning the sentence.  There is no uncertainty whatsoever.  The Court applied the career offender guideline and denied Boyd's motion for downward departure.  The Court then granted the government's motion for downward departure which had nothing to do with the crack cocaine guideline.  Boyd's ultimate sentence of 100 months was a reduction solely from the career offender guideline based only upon the government's motion.  Thus, a long line of unrefuted cases makes a section 3582 sentence reduction unavailable to Boyd.

      WHEREFORE, the government respectfully requests that the Court deny Boyd's motion for a sentence reduction.

                                Respectfully submitted,

                                MARY BETH BUCHANAN
                                United States Attorney


                                s/ Christian A. Trabold
                                CHRISTIAN A. TRABOLD
                                Assistant U.S. Attorney
                                PA ID No. 75013