IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 01-29 Erie |
| ) | |
| ALBERT SHONTAY BOYD ) | |

## MEMORANDUM OPINION

Presently before the Court is Albert Shontay Boyd's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On March 25, 2003, Mr. Boyd plead guilty to distributing fifty grams or more of cocaine base. His Presentence Investigation Report indicated that he qualified for "career offender" status. Mr. Boyd filed a motion for downward departure arguing that the career offender designation overstated the significance of his prior record. We denied that motion and determined that Mr. Boyd was a career offender. With a total offense level of 34 and a criminal history category of VI, Mr. Boyd faced a sentencing guideline range of 262 to 327 months imprisonment. Prior to sentencing the government filed a motion for reduction of sentence pursuant to section 5K1.1 of the Guidelines. We granted the government's motion and sentenced Mr. Boyd to a below-guidelines term of imprisonment of 100 months on May 18, 2004, at the conclusion of a two-day sentencing hearing.

Mr. Boyd moves for a reduction of his sentence under section 3582(c)(2) based on recent changes to the Guidelines concerning crack cocaine. On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses resulting in lower guideline offense levels for defendants facing sentencing for crack cocaine offenses that they would have faced before the Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. § 1B1.10(c).

When a defendant has been sentenced as career offender a Court does not in all cases have the power to simply apply the retroactive guidelines and impose a reduced sentence. Section 3582(c)(2) permits a retroactive reduction in sentence to defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Similarly section 1B1.10(a)(1) of the Guidelines permits a retroactive reduction in sentence if "the guideline range applicable to [] defendant has been ... lowered as a result of an amendment to the Guidelines Manual listed in subsection c . . . . " § 1B1.10(a)(1). Finally, section 1B1.10(a)(2)(B) of the Guidelines states that a reduction in a defendant's sentence is not authorized where the amendment in question, in this case Amendment 706, "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). Mr. Boyd was sentenced "based on" a career offender guideline range of 262 to 327 months, a range that has not been lowered by the Sentencing Commission, and is not lowered by Amendment 706. Therefore, he is not entitled to a retroactive reduction in his sentence.

Despite his status as a career offender, Mr. Boyd argues that the Court has the power to reduce his sentence retroactively because the Court sentenced Mr. Boyd below the career offender guideline range. He argues that the Court's departure to a 100-month sentence may have been based on a "departure" from the guideline range that would have been applicable to Mr. Boyd if he had not been a career offender, even though the Court granted the government's 5K motion..

Mr. Boyd's argument relies on his presentation to the Court of his motion for downward departure at sentencing. At sentencing Mr. Boyd discussed the sentencing range he *would have* been subject to absent the career offender designation. In other words, without consideration of his career offender status, Mr. Boyd's guideline range of imprisonment would have been 151 to 188 months, which corresponds to an offense level of 29 and a criminal history category of VI. He further argues that it is possible that in imposing sentence the Court used this non-career offender range as a starting point to determine the extent of the departure. If so, Mr. Boyd argues that the

2

that would have been applicable to Mr. Boyd if he had not been a career offender, even though the Court granted the government's 5K motion.

Applying the amended guidelines to Mr. Boyd's offense would result in an offense level of 27. With a criminal history category of VI the applicable (non-career offender) sentencing range would be 130 to 162 months' imprisonment. Mr. Boyd now requests that we retroactively impose a sentence of 84 months. He argues that such a sentence represents the same proportional reduction from the low end of the new guideline range of 130 to 162 months, as the original 100-month sentence was from the low end of the 151 to 188 month sentence.

The flaw in this argument, as pointed out by the government, is that Mr. Boyd was sentenced based on his status as a career offender and is therefore not entitled to a sentence reduction under Amendment 706. The Court in United States v. Rivera, 535 F.Supp.2d 527 (E.D.Pa. 2008) faced a similar argument for reduction of a sentence of a defendant who was sentenced under a career offender guideline range. In Rivera, the defendant was initially sentenced within the career offender guideline range to 262 months, but his sentence was later reduced to 156 months based on the government's post-sentence motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b). The Rivera Court explained that because the defendant was sentenced as a career offender, the range he would have been subject to absent the career offender status is not relevant.

> Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

Rivera, 535 F.Supp2d at 530.

Both Mr. Boyd's and Rivera's circumstances stand in contrast to the situation presented in United States v. Poindexter, __ F.Supp.2d __, 2008 WL 1946821 (E.D. Pa. 2008). In Poindexter,

3

the defendant was found to be a career offender. However, the sentencing court determined that the career offender designation over represented the total offense level, and reduced the defendant's offense level to "that which he would have faced absent the career offender designation." Poindexter, 2008 WL 1946821, *2. The Poindexter Court therefore found that the defendant had been sentenced "based on" a guideline range that had subsequently been lowered, thereby giving the Court the power to retroactively reduce his sentence under section 3582(c)(2). Poindexter, 2008 WL 1946821, *3-*4.

At sentencing we concluded that Mr. Boyd's status as a career offender was accurate. Although we granted a substantial departure from the career offender guideline range, that departure was based on the government's 5K motion, not because Mr. Boyd's career offender category substantially overstated his criminal history. Thus, the guideline range Mr. Boyd would have been subject to absent the career offender status is not relevant, and he is therefore not entitled to a reduction under section 3582. Accordingly we will deny his motion for reduction of sentence.

ORDER

AND NOW, to-wit, this __23rd__ day of June, 2008, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 48) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record
Probation

4